CITY OF ALLEGAN v. VONASEK.

1. EMINENT DOMAIN—TITLE TAKEN—VERDICT OF JURY—APPEAL AND ERROR.

   Where, in condemnation proceedings, city sought acquirement of title in fee, and evidence relating to compensation was all on basis of taking title in fee, but trial judge limited taking to easement for flowage purposes, verdict in accord therewith bars holding, on appeal, that jury awarded title in fee and compensation therefor to property owners.

2. SAME—COMPENSATION—RIGHT OF PROPERTY OWNERS TO BE HEARD ON ISSUES PRESENTED.

   Where, in condemnation proceedings, evidence relating to compensation was all on basis of taking title in fee, submission to jury on basis of taking easement for flowage purposes only left compensation to mere guess and deprived property owners of their right to be heard and submit evidence bearing upon issues presented (1 Comp. Laws 1929, § 3792).

As to necessity of providing for notice of hearing on question of damages or compensation, see annotation in 4 L. R. A. (N. S.) 169.

3. Same—City Entitled to Take Title in Fee—Flowage Rights.
   Under power of eminent domain, city asking for title in fee
   for purpose of establishing hydro-electric light and power
   plant was entitled to acquire title in fee, and trial judge was
   in error in limiting taking to easement for flowage purposes
   (1 Comp. Laws 1929, § 3785).

4. Same—Right to Compensation for Flowage Rights.
   Power company owning lands along river which, in union with
   lands of other riparian owners, possesses potential value for
   water-power purposes, is entitled to compensation for such
   use as may be reasonably expected in immediate future, on
   city's condemning said land for purpose of establishing hydro-
   electric light and power plant.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 20, 1932. (Docket No. 51, Calendar No. 36,372.) Decided June 6, 1932.

Condemnation proceedings by City of Allegan against Joseph Vonasek, Consumers Power Company, and others to obtain property for establishment of a hydro-electric power plant. From verdict and judgment rendered, defendants appeal. Reversed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*Harry C. Howard,* for defendants Vonasek and others.

*Wilkes & Stone,* for defendant Kaurzinsky and others.

*Bernard J. Onen* and *Walter D. Kline,* for defendant Consumers Power Company.

Wiest, J. The city of Allegan, by condemnation, under the power of eminent domain, sought by the proceedings herein to take property of defendants

for the establishment of a hydro-electric light and power plant upon the Kalamazoo river, in the townships of Allegan and Valley, Allegan county.

The issues of necessity and compensation were tried to a jury. The petition of the city sought acquirement of title in fee. The evidence relating to compensation was all on the basis of taking title in fee. The trial judge, *sua sponte,* limited the taking to an easement for flowage purposes, and he so prepared the form of verdict. Counsel for the city, in a preliminary notice of appeal (abandoned, however), asserted error in not permitting acquirement of title in fee by the city, and now contend that the verdict of the jury gave the city title in fee.

The verdict was the usual one in writing, but the circuit judge, in accord with his erroneous opinion of the law, appended thereto, and the jury included, the following finding:

"In determining the just compensation to be allowed to each and all of these defendants for taking the right to flow their property, we have understood that the city of Allegan would be compelled to clear the land themselves, and in so doing the owners of the land would be deprived of the trees growing thereon, and that all timber on the area to be flooded would become the property of the city."

This declaration by the jury bars any holding that the jury awarded title in fee to the city and compensation for the fee to property owners.

The erroneous ruling of the judge was not asked by any counsel in the case, and was first injected in the course of instruction to the jury. At that time counsel for one defendant interrupted and called attention to the fact that the petition of the city sought title in fee and not a mere easement. This afforded counsel for the city an opportunity to join in the

effort to set the judge right, but the record discloses no such joinder. In reply to the suggestion mentioned, the court stated:

"I am giving you my opinion, and I am advising this jury that regardless of what a man asks, he can only get what the law allows him, and this applies to the city as well as it would to anyone else. A man may ask for $1,000 in a case, and the jury find that all he is entitled to is $.50, if they do so find, that is all he is entitled to. The city is entitled to get the use of this land only if the jury finds the public necessity. The mere fact that the city asks for the fee can make no difference. It is my opinion that the owner has the same right to use the land right up to the water's edge that he ever had."

The ruling of the court radically changed the issue after close of the evidence and left to the jury the fixing of compensation for right of flowage, with no evidence upon that subject. It is no answer to say that defendants were not harmed thereby because of evidence of value of the fee, for such evidence was rendered valueless by the ruling, and compensation for flowage easement was thereby left to mere guess.

The law gives property owners the right to be heard and to submit evidence bearing upon issues presented (1 Comp. Laws 1929, § 3792), and it was unfair to try the issue of compensation for title in fee to the point of submission, and then have the judge change the issue to the elimination of all the evidence.

Under the power of eminent domain the city asked for and was entitled to acquire title in fee (1 Comp. Laws 1929, § 3785), and the parties had the right to go to the jury upon such an issue, inclusive of the compensation to be awarded for the taking of such title.

The statute, 1 Comp. Laws 1929, § 3792, provides:

"The jury shall hear the proofs and allegations of the parties, * * * They shall be instructed as to their duties and the law of the case by the judge of the court."

It is unfortunate that the judgment must be reversed, but recognition of rights of defendants leaves no other course open.

Defendant Consumers Power Company owns land along the river which, in union with lands of other riparian proprietors, possesses potential value for water-power purposes, and it asked compensation for the taking away of such future possible use.

The court instructed the jury:

"Evidence has been offered in this case that certain parcels of land were more valuable because they could be used as part of a plan for the construction of a hydro-electric plant, that is, that the Consumers Power Company could get more out of these lands for that purpose than for any other purpose. You are instructed that, in considering that testimony, you can only give it weight if it appears that it is reasonably certain that the lands could be used for that purpose within a reasonable time, and, if from the whole testimony it appears that such proposed use could not be made within a reasonable time, or that such proposed use is merely speculative, then such testimony should not be considered by you, unless it added to the market value thereof.

"Before any owner of land would be entitled to recover because his lands might be used for flowage purposes in the construction of another dam, it must appear that it is reasonably probable that all other lands necessary for such project could be acquired by the one owning the lands, and who seeks damages for such use. There must be something more than a possibility; there must be a reasonable probability

that all lands necessary for the completion of such projects could be joined in such projects, and such probable use must be such as affects the market value under normal conditions."

In *Mississippi & Rum River Boom Co.* v. *Patterson,* 98 U. S. 403, it was stated:

"In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties. The inquiry in such cases must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses. Property is not to be deemed worthless because the owner allows it to go to waste, or to be regarded as valueless because he is unable to put it to any use. Others may be able to use it, and make it subserve the necessities or conveniences of life. Its capability of being made thus available gives it a market value which can be readily estimated.

"So many and varied are the circumstances to be taken into account in determining the value of property condemned for public purposes, that it is perhaps impossible to formulate a rule to govern its appraisement in all cases. Exceptional circumstances will modify the most carefully guarded rule; but, as a general thing, we should say that the compensation to the owner is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future."

This was cited, with approval, in *United States* v. *Chandler-Dunbar Water Power Co.,* 229 U. S. 53 (33 Sup. Ct. 667). In that case there was condemnation by the government of upland bordering a navigable

river for the purpose of improving navigation, and it was held that the owner of the upland was entitled to compensation for the fair value of the property, but not any additional values based upon private interest in the potential water power of the river. There the government was exercising a sovereign right in behalf of navigation, while in the case at bar no question of navigation is involved.

Counsel for the power company cites *Rankin v. Harrisonburg,* 104 Va. 524 (52 S. E. 555, 3 L. R. A. [N. S.] 919, 113 Am. St. Rep. 1050), where it was held that (syllabus):

"Although no one of the riparian proprietors owns the banks on both sides of the stream, nor has the right to erect a dam across it, and no two or more of them, as co-tenants, owns said banks or have the right to erect a dam across it, yet each owns an interest in the power furnished by the stream, although not actually applied, which may be united in one ownership, or be held as co-tenants, and this interest cannot be taken for public use without making just compensation to the owner thereof."

Upon the retrial the instruction above quoted should be modified to conform with the holding in the *Rankin Case,* limiting consideration, however, to such uses as may be reasonably expected in the immediate future.

The judgment is reversed, and a new trial granted, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.